## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**JAMES O. DEMENTE,**

      **Plaintiff,**

**V.**                              **CASE NO.**

**VICTORIA DILUCENTE, ANTHONY DILUCENTE, DERICA DUNN-GROSS, AND GEICO GENERAL INSURANCE COMPANY,**

      **Defendants.**

### NOTICE OF REMOVAL

    Defendant GEICO General Insurance Company ("GEICO"), by and through its counsel of record, Chapman and Charlebois, P.C., (Donna L. Chapman and Jessica C. Singer), hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, and in support thereof, states as follows:

    1.    Plaintiff James O. Demente ("Plaintiff") filed his Complaint for Damages Resulting from Personal Injury, Insurance Bad Faith, Violations of the New Mexico Unfair Trade Practices Act and Punitive Damages ("Complaint") in the Thirteenth Judicial District, Sandoval County, State of New Mexico, in Cause No. D-1329-CV-2016-00743 (hereinafter "State Court Action") on May 13, 2016.  (*See* Plaintiff's Complaint, attached hereto as **Exhibit A**).

    2.    In his Complaint, Plaintiff alleges he was a resident of the State of New Mexico at the time of the collision. (*Id.* at ¶ 1).

3.  Plaintiff named Defendant GEICO, and Defendants Victoria DiLucente, Anthony DiLucente, and Derica Dunn-Gross as Defendants.

4.  Defendants Victoria DiLucente and Anthony DiLucente were residents of New Mexico at the time Plaintiff filed his Complaint.

5.  On February 24, 2017, Plaintiff settled his dispute with Defendants Victoria DiLucente and Anthony DiLucente. (*See* Stipulated Order of Partial Dismissal with Prejudice, attached hereto as **Exhibit B**).

6.  The only remaining Defendants are Defendant GEICO and Defendant Derica Dunn-Gross.

7.  Defendant Dunn-Gross has filed a Motion to Dismiss for Insufficiency of Process, *See* Motion filed on November 14, 2016, attached as **Exhibit C**.

8.  Defendant GEICO asserts GEICO is incorporated and its principal place of business is in the state of Maryland.

9.  Diversity of citizenship is present in this matter as set forth in 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(b)(2).

10.  Less than thirty (30) days have passed the case became removable as set forth in 28 U.S.C. § 1446(b)(3).

11.  As Defendant has accepted service and is the only currently remaining Defendant in this matter, 28 U.S.C. § 1446(b)(2)(A) is satisfied. (*See* Register of Actions for the State Court Action, hereto attached as **Exhibit D**).

12.  To confer subject matter jurisdiction on this Court based on diversity of citizenship, the amount in controversy must exceed jurisdictional amount is determined by the allegations in the underlying the sum or value of $75,000.00, exclusive of interest

and cost. 28 U.S.C. §1332(a). Where a complaint does not contain dispositive allegations of the amount in controversy, the complaint. *See e.g., Laughlin v. Kmart Corp*, 50 p.3d, 871, 873 (10th Cir. 1995). Calculations of the amount in controversy include both compensatory and punitive damages. *See, e.g., Bell v. Preferred Life Assur. Soc'y* 320 U.S. 238, 240 (1943); *Watson v. Blakenship,* 30 F.3d 383, 386 (10 Cir.1994). This calculation also includes attorney's fees. *See Miera v. Dairyland Ins. Co.,* No. 96-0136-M, mem.Op. (D.N.M. Feb. 28, 1996)(denying remand of removed action based on availability of attorney's fees under New Mexico Unfair Claims Practice Act and Unfair Trade Practices Act. *See also 14A Wright v. Miller, Federal Practice and Procedure,* §3712, at 176-78, and authorities cited therein; *Foret v. Southern Farm Bureau Life Ins. Co.,* 918 F. 2d 534, 537 (5 Cir. 1990). The calculation also includes treble damages claims.

13. Consistent with the allegations in Plaintiff's Complaint, dated May 13, 2016, the amount in controversy exceeds the jurisdictional amount of $75,000. (See Complaint ¶24, 26, and the Wherefore paragraph). Plaintiff's Complaint seeks an award of punitive damages (Complaint ¶17 and the Wherefore paragraph) While Defendant GEICO denies liability to Plaintiff for punitive damages, Plaintiff's claim for punitive damages, could exceed the jurisdiction threshold for diversity jurisdiction.  Additionally, Plaintiff's Complaint seeks an award of attorney's fees.  (Complaint, the Wherefore paragraph).

14. Upon information and belief, Plaintiff will likely seek in excess of $50,000 in attorney's fees through the trial of this matter.

15. This case may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §§ 1441(b) and 1446.

3

16.   By and through this Notice of Removal, Defendant removes all claims asserted against it on the basis of diversity jurisdiction, which is conferred upon this Court pursuant to 28 U.S.C. §§ 1332 and 1441.

17.   Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being concurrently served upon the Plaintiff on this date.

18.   Pursuant to 28 U.S.C. § 1446(d), Defendant is concurrently filing a Notice of Filing of Removal in the State Court Action, a copy of which is hereto attached as **Exhibit E**.

19.   Pursuant to 28 U.S.C. § 1446(a) and D.N.M.LR-Civ. 81.1(a), all process, pleadings, and orders from the State Court Action will be filed with this Court in a separate Transmittal of State Court Record within twenty-eight days (28) of this Notice.

20.   A Civil Cover Sheet for this Court is hereto attached as **Exhibit F**.

**WHEREFORE**, the removing Defendant gives notice the above-styled action, which was pending in the Thirteenth Judicial District, Sandoval County, State of New Mexico, as Cause No. D-1329-CV-2016-00743 is removed to this Court.

Respectfully submitted,

**CHAPMAN AND CHARLEBOIS, P.C.**

/s/Jessica C. Singer
Donna L. Chapman
Jessica C. Singer
P.O. Box 92438
Albuquerque, NM 87199
505-242-6000
donna@cclawnm.com
jessica@cclawnm.com
*Attorneys for GEICO*

I HEREBY CERTIFY that on the 8th day of March, 2017, I filed the foregoing electronically through CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

James P. Lyle
1116 Second Street NW
Albuquerque, NM 87102
505-843-8000
pennname@prodigy.net
*Attorney for Plaintiff*

Daniel W. Lewis
Allen, Shepherd, Lewis & Syra, P.A.
P.O. Box 94750
Albuquerque, NM 87199-4750
dlewis@allenlawnm.com
*Attorney for Derica Dunn-Gross*


*/s/Jessica C. Singer*

FILED IN MY OFFICE
DISTRICT COURT CLERK
5/13/2016 4:31:12 PM
CHRISTAL BRADFORD
Jacqueline Gallegos-Rivera

THIRTEENTH JUDICIAL DISTRICT COURT                                                      am
COUNTY OF SANDOVAL
STATE OF NEW MEXICO

JAMES O. DEMENTE,

       Plaintiff,

                                        D-1329-CV-2016-00743
vs.                            Cause No. _____

VICTORIA DILUCENTE, ANTHONY
DILUCENTE, DERICA DUNN-GROSS
and GEICO GENERAL INSURANCE
COMPANY,

       Defendants.

<u>COMPLAINT FOR DAMAGES RESULTING FROM PERSONAL INJURY,
INSURANCE BAD FAITH, VIOLATIONS OF THE NEW MEXICO UNFAIR TRADE
PRACTICES ACT AND PUNITIVE DAMAGES</u>

       COMES NOW Plaintiff, James O. DeMente, by and through his counsel of record, the

Law Offices of James P. Lyle, P.C. (James P. Lyle, Esq.) and offers the following as his

Complaint for damages and related relief against the Defendants herein.

       1.     Plaintiff James O. DeMente is a resident of Sandoval County, New Mexico.

       2.     The acts and events complained of herein occurred within Sandoval County, New

Mexico.

       3.     Defendant Anthony DiLucente is, on information and belief, the person who was

driving a 1993 Ford at the date and time of the accident in question. On information and belief,

the vehicle was owned by Defendant Victoria DiLucente. On information and belief, Mr.

DiLucente was driving the vehicle with the permission and consent of the owner, Defendant

Victoria DiLucente.

-1-



4.     Defendant GEICO General Insurance Company is, on information and belief, an insurance company authorized to do business and doing business within the State of New Mexico.  Its principle place of business is unknown.

5.     On information and belief, Defendant Derica Dunn-Gross is a resident of the State of California.

**BACKGROUND FACTS:**

6.     On August 7, 2014, Plaintiff, Mr. DeMente, was driving on Sara Road at the intersection of Sara Road and NM 528.

7.     Plaintiff had a green light to proceed through the intersection.  As he approached the intersection, the light transitioned from green to yellow.

8.     Plaintiff attempted to clear the intersection within the yellow light.  Before he could do so, Defendant Anthony DiLucente turned in front of him, causing him to strike Defendant DiLucente's vehicle.

9.     Plaintiff had no way to avoid the vehicle driven by Defendant Anthony DiLucente.

10.     Defendant Anthony DiLucente was cited and, on information and belief, accepted responsibility for charges of driver inattention and failure to yield the right-of-way.

11.     All the known witnesses to this accident have stated that Plaintiff James O. DeMente could not avoid the accident.

12.     Plaintiff has made numerous attempts to resolve this claim within policy limits issued by Defendant GEICO.  These efforts began in early February, 2016, after Plaintiff made every effort to provide Defendant GEICO with all requested documentation.

13.     Since this time, Defendant GEICO has repeatedly asked for additional information to evaluate Plaintiff's claim.  Plaintiff has promptly and accurately responded to each and every such request made.

14.     Nonetheless, Defendant GEICO, through its authorized agent, Defendant Dunn-Gross, has repeatedly refused to acknowledge their company's obligation to pay the minimal amounts of insurance available to its insureds, Anthony and Victoria DiLucente, despite the fact that the medical records and reasonably related medical expenses show that the damages incurred by Plaintiff are far in excess of what a reasonable jury could be expected to award.

**I.  NEGLIGENCE AGAINST DEFENDANT ANTHONY DILUCENTE:**

15.     Plaintiff reasserts the allegations set forth above.

16.     Defendant Anthony DiLucente negligently operated the motor vehicle owned by Defendant Victoria DiLucente on the date and time described above.  As a result, Plaintiff has and will suffer extreme harm, damages and other claims as described below.

**II.  NEGLIGENT ENTRUSTMENT AND VICARIOUS LIABILITY AGAINST DEFENDANT VICTORIA DILUCENTE:**

17.     Plaintiff reasserts the allegations set forth above.

18.     On information and belief, Defendant Victoria DiLucente knew or should have known that she should not have entrusted operation and temporary custody and control of the vehicle in question to her son, Anthony DiLucente.

19.     Defendant Victoria DiLucente, as owner of the subject vehicle, is vicariously liable for all acts, omissions and negligence committed by any person to whom she entrusted the vehicle, including but not limited to, Defendant Anthony DiLucente.

-3-

20.    Defendant Victoria DiLucente is vicariously liable for all injuries and damages suffered by third persons as a result of the negligent operation of her vehicle under her policy of insurance and under New Mexico Common Law.

**III. UNFAIR TRADE PRACTICES AND UNFAIR INSURANCE PRACTICES**

21.    Plaintiff reasserts his allegations set forth above.

22.    At all material times, Defendant GEICO General Insurance Company issued automobile liability policies to Defendant Victoria DiLucente for the insured vehicle providing full coverage for bodily injury and property damage of One Hundred Thousand ($100,000.00) per Occurrence.

23.    Despite repeated requests from the Plaintiff's counsel, Defendant GEICO and Defendant Derica Dunn-Gross, their agents and representatives, have failed and refused :  a)  to acknowledge and act reasonably promptly upon communications with respect to claims from the Plaintiff arising under the insurance policy;  b)  failed to adopt and implement reasonable standards for the prompt investigation and processing of Plaintiff's claims arising under the applicable insurance policy;  c)  have not attempted in good faith to effectuate prompt, fair and equitable settlement of any of Plaintiff's claims in which liability has become reasonably clear;  d)  failed to settle Plaintiff's claims promptly where liability has become apparent; and, e)  failed to promptly provide the Plaintiff with a reasonable explanation of the basis relied on in the policy in relation to the facts or applicable law for denial of his claims or for the offer of a compromise settlement.

24.    Defendants GEICO and Derica Dunn-Gross, jointly and severally, by reason of the conduct described above, have committed violations the New Mexico Unfair Trade Practices

-4-

Act as defined by §52-12-7(D), NMSA 1978, and §52-12-7(E).

## COUNT IV - PUNITIVE DAMAGES

25.     Plaintiff reasserts the allegations set forth above.

26.     Defendant GEICO and Dunn-Gross' conduct, as described above, was wanton, willful, malicious and committed with intentional disregard for the rights of Plaintiff, such that an award of punitive damages should be assessed against each in an amount sufficient to punish them and to deter others from engaging in similar conduct.

WHEREFORE Plaintiff respectfully request that the Court enter Judgment in his favor against the Defendants, jointly and severally, in an amount sufficient to compensate Plaintiff for all injuries and damages suffered as a result of the subject accident, including medical and medically related expenses, pain and suffering, emotional distress, loss of enjoyment of life, and such further relief as the Court deems just and proper.  Additionally Plaintiff requests that the Court enter an award for punitive damages against all Defendants, reasonable attorney's fees, treble damages, pre- and post-judgment interest, and such further relief as the Court deems just and proper.

LAW OFFICES OF JAMES P. LYLE, P.C.

/s/ James P. Lyle, Attorney At Law
James P. Lyle
1116 2nd St. NW
Albuquerque, NM 87102
(505) 843-8000  - Telephone
(505) 843-8043  - Facsimile
pennname@prodigy.net
*Attorney for Plaintiff James O. DeMente*

FILED IN MY OFFICE
DISTRICT COURT CLERK
2/24/2017 8:35:01 AM
CHRISTAL BRADFORD
Jacqueline Gallegos-Rivera

CL

THIRTEENTH JUDICIAL DISTRICT COURT
STATE OF NEW MEXICO
COUNTY OF SANDOVAL

JAMES O. DEMENTE,

     Plaintiff,

v.                                                    Cause No.:  D-1329-CV-2016-00743

VICTORIA DILUCENTE, ANTHONY
DILUCENTE, DERICA DUNN-GROSS,
and GEICO GENERAL INSURANCE
COMPANY,

     Defendants.

## STIPULATED ORDER OF PARTIAL DISMISSAL WITH PREJUDICE

THIS MATTER having come before the Court on the Parties' Stipulated Motion for Partial Dismissal, with Prejudice, of all claims filed by the Plaintiff, James O. Demente, as against defendants Victoria Dilucente, Anthony Dilucente, and their liability insurer, Geico, with prejudice, on the grounds that all matters in controversy by and between the parties have been fully resolved with the exclusion of claims filed against Geico General  Insurance Company in relation to the claims for insurance bad faith, unfair trade practices, unfair insurance practices, and punitive damages and the Court having read the pleadings and being fully advised in the premises, FINDS the motion to be well taken.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that the Complaint and all causes of action stated therein, or which could have been stated therein, filed by Plaintiff, James O. Demente, against Defendants, Victoria Dilucente, Anthony Dilucente, and Government Employees Insurance Company, as the liability insurer of the Dilucentee Defendants, are hereby dismissed, with prejudice, with each party to bear their attorney's fees and costs. All remaining claims against Defendants Geico and Derica Dunn-Gross to remain pending.



IT IS FURTHER ORDERED that the unfair trade practice and unfair insurance practices claims filed against Geico General Insurance Company remain.

IT IS FURTHER ORDERED that the Order Bifurcating and staying the remaining claims herein, entered by this Court on September 7, 2016, hereby is lifted.

IT IS SO ORDERED.

_____
HONORABLE JOHN F. DAVIS
District Judge

Submitted and Approved by:

/s/ Kathleen M. Mixon
Kathleen M. Mixon
*Attorney for Defendants*

Approved telephonically 02/08/2017
James P. Lyle
*Attorney for Plaintiff*

Approved via e-mail  02/01/2017
Donna Chapman
Jessica Singer
*Attorney for GEICO*
*(Extracontractual Claims)*

Approved via e-mail 01/25/2017
Daniel W. Lewis
*Attorney for Defendant Derica Dunn-Gross*

FILED IN MY OFFICE
DISTRICT COURT CLERK
11/14/2016 10:47:29 AM
CHRISTAL BRADFORD
Jacqueline Gallegos-Rivera

am

STATE OF NEW MEXICO
COUNTY OF SANDOVAL
THIRTEENTH JUDICIAL DISTRICT COURT

JAMES O. DEMENTE,

      Plaintiffs,

v.                          Cause No. D-1329-CV-2016-00743

VICTORIA DILUCENTE, ANTHONY
DILUCENTE, DERICA DUNN-GROSS, and
GEICO GENERAL INSURANCE COMPANY,

      Defendants.

### DEFENDANT DERICA DUNN-GROSS'S MOTION TO DISMISS FOR INSUFFICIENCY OF SERVICE OF PROCESS

Defendant Derica Dunn-Gross (hereinafter "Defendant"), specially appearing by and through her counsel of record, Allen, Shepherd, Lewis & Syra, P.A., pursuant to Rule 1-012(B)(4) NMRA, hereby submits her Motion to Dismiss for Insufficiency of Service of Process.

## I.    INTRODUCTION

On October 12, 2016, Plaintiff attempted to serve Defendant at her place of work by having his process server hand deliver a copy of the summons and the complaint to Laura Hernandez (hereinafter "Ms. Hernandez"), an executive secretary at GEICO General Insurance Company. *See* Affidavit of Laura Hernandez, attached hereto as **Exhibit 1**, ¶ 5. Ms. Hernandez expressly told the process server that she was not authorized to accept service on behalf of Defendant. *Id.* at ¶ 7. Ms. Hernandez provided the process server a copy of an interoffice memorandum indicating that she was only authorized to accept legal documents for Matthew Zuraw, Assistance Vice President. *Id.* at ¶ 6. Ms. Hernandez was not authorized to accept service of process upon Defendant, and Plaintiff has not otherwise complied with the



requirements of Rule 1-004(F), which provides the process whereby an individual defendant must be served. Defendant has not been properly served and therefore requests that the Court dismiss Plaintiff's Complaint against Defendant.

## II.    ARGUMENT

New Mexico courts have consistently recognized that a court lacks jurisdiction over a defendant if that defendant has not been properly served with process. *Edmonds v. Martinez*, 2009-NMCA-072, ¶ 9, 146 N.M. 753, 215 P.3d 62. Rule 1-012(B) NMRA allows a defendant to move for dismissal where there was insufficient service of process upon her. The requirements for service of process upon an individual are found in Rule 1-004(F). The rule states:

> Personal service of process shall be made upon an individual by delivering a copy of a summons and complaint or other process:
> (1)(a) to the individual personally; or if the individual refuses to accept service, by leaving the process at the location where the individual has been found; and if the individual refuses to receive such copies or permit them to be left, such action shall constitute valid service; or
> (b) by mail or commercial courier service as provided in Subparagraph (3) of Paragraph E of this rule.
> (2) If, after the plaintiff attempts service of process by either of the methods of service provided by Subparagraph (1) of this paragraph, the defendant has not signed for or accepted service, service may be made by delivering a copy of the process to some person residing at the usual place of abode of the defendant who is over the age of fifteen (15) years and mailing by first class mail to the defendant at the defendant's last known mailing address a copy of the process; or
> (3) If service is not accomplished in accordance with Subparagraphs (1) and (2), then service of process may be made by delivering a copy of the process at the actual place of business or employment of the defendant to the person apparently in charge thereof and by mailing a copy of the summons and complaint by first class mail to the defendant at the defendant's last known mailing address and at the defendant's actual place of business or employment.

The Committee Comments for Rule 1-004(F) provide that Rule 1-004(F)(3), which permits service at the defendant's place of business, "may be used only when service of process has been attempted, unsuccessfully, in accordance with Rule 1-004(F)(1) and Rule 1-004(F)(2)."

Plaintiff has failed to establish that service upon Defendant was effectuated pursuant to Rule 1-004. *See Executive Consulting, Inc. v. Kilmer*, 931 F. Supp. 2d 1139, 1140 (D.N.M. 2013)("The plaintiff bears the burden of establishing the validity of service"). None of the requirements for service have been met by Plaintiff. Pursuant to Rule 1-004(F)(1) and (2), Plaintiff has not established that he left process at a location where Defendant was found after Defendant refused to accept service personally, nor has Plaintiff established that he attempted to leave service at Defendant's usual place of abode. *See Edmonds Edmonds*, at ¶ 16 ("the person must first be found, and then offered the opportunity to refuse service before the paperwork may be left where the individual has been found"); *see also* Affidavit of Derica Dunn-Gross. Even if Plaintiff had unsuccessfully attempted to serve process pursuant to Rule 1-004(F)(1) and (2), Plaintiff has not established that he mailed a copy of the summons and complaint by first class mail to Defendant's last known mailing address and to Defendant's actual place of business as required by Rule 1-004(F)(3). *See* Affidavit of Derica Dunn-Gross. Therefore, Plaintiff has failed to comply with the requirements for service upon an individual as stated by Rule 1-004(F).

Moreover, Plaintiff's attempt to serve Defendant by hand delivering a copy of the summons and complaint to Ms. Hernandez was insufficient. Ms. Hernandez was never authorized to accept service on behalf of Defendant. *See* Affidavit of Laura Hernandez at ¶¶ 4-8. As a secretary, Ms. Hernandez can hardly be described as the person "apparently in charge." Ms. Hernandez expressly indicated to the process server that she was not an agent authorized to accept service for Defendant. *Id*. at ¶¶ 6-7. Further still, Rule 1-004(F)(3) requires the plaintiff to also mail a copy of the summons and complaint by first class mail to the defendant both at the defendant's last known address *and* at the defendant's actual place of business or employment.

Plaintiff did neither.  *See* Affidavit of Derica Dunn-Gross.  Accordingly, Plaintiff has failed to properly serve process upon Defendant in accordance with the requirements of Rule 1-004.

WHEREFORE, Defendant respectfully requests that Plaintiff's Complaint against Defendant Derica Dunn-Gross be dismissed and for such other relief as the court deems just and proper.

Electronically Submitted,

ALLEN, SHEPHERD, LEWIS & SYRA, P.A.

Daniel W. Lewis
Tiffany A Owens
*Attorneys for Defendant Derica Dunn-Gross*
P.O. Box 94750
Albuquerque, New Mexico 87199
TEL:   (505) 341-0110
FAX:   (505) 341-3434
Email:  dlewis@allenlawnm.com
Email:  towens@allenlawnm.com

I hereby certify that a copy of the foregoing pleading
was served this j⁴ᵗʰ day of November, 2016, via the
Odyssey e-filing system, which caused all parties
or counsel to be served by electronic means, as more
fully reflected on the Notice of Electronic Filing:

James P. Lyle, Esq.            Email: pennname@prodigy.net
Law Offices of James P. Lyle, P.C.
*Attorneys for Plaintiff*

Kathleen M. Mixon, Esq.        Email: kmixon@dadglaw.com
Doughty, Alcaraz & deGraauw, P.A.
*Attorneys for Defendants Victoria and Anthony Dilucente*

Donna L. Chapman, Esq.         Email: donna@cclawnm.com
Jessica C. Singer, Esq.        Email: jessica@cclawnm.com
Chapman and Charlebois, PC

4

Counsel for GEICO General Insurance Company

Tiffany A. Owens

STATE OF NEW MEXICO
COUNTY OF SANDOVAL
THIRTEENTH JUDICIAL DISTRICT COURT

JAMES O. DEMENTE,

      Plaintiff,

v.                           Cause No. D-1329-CV-2016-00743

VICTORIA DILUCENTE, ANTHONY
DILUCENTE, DERICA DUNN-GROSS, and
GEICO GENERAL INSURANCE COMPANY,

      Defendants.

## AFFIDAVIT OF DERICA DUNN-GROSS

STATE OF _____ )
                      ) SS
COUNTY OF _____ )

     I, Derica Dunn-Gross, having been duly sworn under oath, based upon personal knowledge, state as follows:

     1.  I am over the age of 18 years and am competent to submit this affidavit.

     2.  Plaintiff has not attempted to serve a copy of the summons and complaint to me personally.

     3.  I have not refused to accept any attempt to serve me personally.

     4.  I did not receive a copy of the summons and complaint by mail to my home.

     5.  I did not receive a copy of the summons and complaint by mail to my actual place of business or employment.

FURTHER AFFIANT SAYETH NOT.

Derica Dunn-Gross

Subscribed and sworn to before me this ___11___ day of November, 2016, by DERICA DUNN-GROSS.

KIRSTEN LYNN SMITH
Notary Public, State of Texas
Comm. Expires 11-01-2018
Notary ID 11357355

Notary Public

My commission expires: ___11/1/2018___

2

STATE OF NEW MEXICO
COUNTY OF SANDOVAL
THIRTEENTH JUDICIAL DISTRICT COURT

JAMES O. DEMENTE,

     Plaintiff,

v.                                  Cause No. D-1329-CV-2016-00743

VICTORIA DILUCENTE, ANTHONY
DILUCENTE, DERICA DUNN-GROSS, and
GEICO GENERAL INSURANCE COMPANY,

     Defendants.

## AFFIDAVIT OF LAURA HERNANDEZ

STATE OF ___Texas___ )
                       ) SS
COUNTY OF ___Dallas___ )

     I, Laura Hernandez, having been duly sworn under oath, based upon personal knowledge, state as follows:

     1.  I am over the age of 18 years and am competent to submit this affidavit.

     2.  I have personal knowledge of the matters contained herein.

     3.  I am an executive secretary for Defendant GEICO General Insurance Company.

     4.  On October 12, 2016, Plaintiff attempted to serve process on Defendant Derica Dunn-Gross by having his process server hand deliver the Summons and a copy of the Complaint to me.

     5.  I was not an agent authorized to receive service of process for Defendant Derica Dunn-Gross on October 12, 2016.

6.  I handed the process server a memorandum indicating that I was only authorized to sign for legal documents for Matthew Zuraw, Assistant Vice President, in his absence.   *See* Interoffice Memorandum, attached hereto as **Exhibit A.**

7.  I told the process server that I was not authorized to accept service of process on behalf of Derica Dunn-Gross.

8.  I did not sign for or accept service on behalf of Defendant Derica Dunn-Gross on October 12, 2016.

FURTHER AFFIANT SAYETH NOT.

_____
Laura Hernandez

Subscribed and sworn to before me this ____ day of November, 2016, by LAURA HERNANDEZ.

KIRSTEN LYNN SMITH
Notary Public, State of Texas
Comm Expires 11-01-2018
Notary ID 11357355

_____
Notary Public

My commission expires: ___11/1/2018___

2

Skip to Main Content   Logout   My Account   Search Menu   New Civil Probate Family Search   Refine Search   Back     Location : Sandoval County     Images Help

# REGISTER OF ACTIONS
## CASE NO. D-1329-CV-2016-00743

James O DeMente v. Victoria Dilucente, et. al.

§
§
§
§
§

Case Type: **Tort Auto**
Date Filed: **05/13/2016**
Location: **Sandoval County**
Judicial Officer: **Davis, John F.**

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| Defendant | Dilucente, Anthony | **Kathleen M. Mixon** *Retained* 505-242-7070(W) |
| | | ~~Kathleen M. Mixon~~ ~~Retained~~ ~~505-242-7070(W)~~ |
| Defendant | Dilucente, Victoria | **Kathleen M. Mixon** *Retained* 505-242-7070(W) |
| | | ~~Kathleen M. Mixon~~ ~~Retained~~ ~~505-242-7070(W)~~ |
| Defendant | Dunn-Gross, Derica | **Daniel W. Lewis** *Retained* 505-341-0110(W) |
| | | Tiffany A. Owens *Retained* 505-341-0110(W) |
| Defendant | Geico General Insurance Company | **Donna L. Chapman** *Retained* 505-242-6000(W) |
| Plaintiff | DeMente, James O | **James P. Lyle** *Retained* 505-843-8000(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | |
|---|---|---|
| 05/13/2016 | **Cause Of Actions** | Tort: Personal Injury Auto |
| | Action Type | Action |
| 05/13/2016 | OPN: COMPLAINT | |
| | *Complaint for Damages Resulting from Personal Injury, Insurance Bad Faith, Violations of the New Mexico Unfair Trade Practices Act and Punitive Damages* | |
| 05/17/2016 | SUMMONS ISSUED | |
| 05/17/2016 | Summons | |

|  |  |  |
|---|---|---|
| Dilucente, Victoria | Unserved | Response Received 07/12/2016 |
| Dilucente, Anthony | Unserved | Response Received 07/12/2016 |
| Dunn-Gross, Derica | Served | 10/12/2016 |
| | Response Due | 11/11/2016 |
| | Returned | 10/18/2016 |
| Geico General Insurance Company | Unserved | Response Received 06/23/2016 |

| | | |
|---|---|---|
| 06/23/2016 | ENTRY OF APPEARANCE | |
| | *Entry of Appearance of Donna L Chapman Esq and Jessica C Singer Esq on Behalf of Defendant Geico General Insurance Company* | |
| 06/23/2016 | ANSWER | |
| | *Geico General Insurance Company's Answer to Complaint for Damages Resulting from Personal Injury, Insurance Bad Faith, Violations of the New Mexico Unfair Trade Practices Act and Punitive Damages* | |
| 06/23/2016 | JURY DEMAND 12 PERSON | |
| | *Geico General Insurance Company's Jury Demand* | |
| 07/12/2016 | ENTRY OF APPEARANCE | |
| | *Entry of Appearance by Kathleen M Mixon Esq on Behalf of Defendants Victoria Dilucente & Anthony Dilucente* | |
| 07/12/2016 | ANSWER | |

**EXHIBIT D**

| | |
|---|---|
| | *Defendant Victoria Dilucente's Answer to Complaint for Damages Resulting from Personal Injury, Insurance Bad Faith, Violations of the New Mexico Unfair Trade Practices Act and Punitive Damages* |
| 07/12/2016 | ANSWER |
| | *Defendant Anthony Dilucente's Answer to Complaint for Damages Resulting from Personal Injury, Insurance Bad Faith, Violations of the New Mexico Unfair Trade Practices Act and Punitive Damages* |
| 07/12/2016 | Jury Demand 12 Person/No Fee EF |
| | *Defendants Victoria Dilucente & Anthony Dilucente's Demand for Trial by Jury* |
| 07/12/2016 | CERTIFICATE OF SERVICE |
| | *Certificate of Service of Defendant Victoria Dilucente's First Set of Interrogatories and Requests for Production of Documents to Plaintiff* |
| 08/24/2016 | MTN: MOTION |
| | *Defendant Geico General Insurance Company's Unopposed Motion to Bifurcate & Stay* |
| 09/07/2016 | ORD: ORDER GRANTING |
| | *Order Granting Defendant GEICO General Insurance Company's Unopposed Motion to Bifurcate & Stay* |
| 10/18/2016 | SUMMONS RETURN |
| | *Summons Return on Derica Dunn-Gross* |
| 10/19/2016 | NTC: NOTICE |
| | *Notice Change of Address of Chapman & Charlebois, P.C., attorneys for Defendant GEICO General Insurance Company* |
| 11/10/2016 | CERTIFICATE OF SERVICE |
| | *Plaintiff's Certificate of Service of Answers & Responses to Defendant Victoria DiLucente's 1st Set of Interrogatories & Requests for Production* |
| 11/14/2016 | ENTRY OF APPEARANCE |
| | *Limited & Special Entry of Appearance of Daniel W Lewis Esq & Tiffany A Owens Esq on Behalf of Defendant Derica Dunn-Gross* |
| 11/14/2016 | MTN: TO DISMISS |
| | *Defendant Derica Dunn-Gross's Motion to Dismiss for Insufficiency Service of Process* |
| 12/14/2016 | NTC: COMPLETION OF BRIEFING |
| | *Plaintiff's Notice of Completion of Briefing - Defendant's Motion to Dismiss for Insufficiency of Service* |
| 12/20/2016 | REQUEST FOR HEARING/ SETTING |
| | *Defendant Derica's Request for Hearing on Dunn-Gross Motion to Dismiss* |
| 12/27/2016 | NTC: OF HEARING |
| | *Notice of Hearing on Motion to Dismiss for Insufficiency of Service set for 4-26-17* |
| 01/09/2017 | NTC: OF NON-AVAILABILITY |
| | *Notice of Unavailability of Daniel W. Lewis, Attorney for Defendant Derica Dunn-Gross* |
| 02/17/2017 | MTN: TO DISMISS |
| | *Stipulated Motion for Partial Dismissal With Prejudice* |
| 02/24/2017 | NCJ: JUDGMENT PARTIAL |
| | *Stipulated Order of Partial Dismissal With Prejudice* |
| 04/26/2017 | MOTION HEARING  (4:00 PM) (Judicial Officer Davis, John F.) |
| | *D-DERICA DUNN-GROSS' MOTION TO DISMISS FOR INSUFFICIENCY OF SERVICE PROCESS filed 11-14-16 (15mins)* |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Defendant** Geico General Insurance Company | | | |
| | Total Financial Assessment | | | 300.00 |
| | Total Payments and Credits | | | 300.00 |
| | **Balance Due as of 03/07/2017** | | | **0.00** |
| 06/28/2016 | Transaction Assessment | | | 300.00 |
| 06/28/2016 | File & Serve Payment | Receipt # BERD-2016-2904 | Geico General Insurance Company | (300.00) |

| | | | | |
|---|---|---|---|---|
| | **Plaintiff** DeMente, James O | | | |
| | Total Financial Assessment | | | 132.00 |
| | Total Payments and Credits | | | 132.00 |
| | **Balance Due as of 03/07/2017** | | | **0.00** |
| 05/16/2016 | Transaction Assessment | | | 132.00 |
| 05/16/2016 | File & Serve Payment | Receipt # BERD-2016-2221 | DeMente, James O | (132.00) |

STATE OF NEW MEXICO
COUNTY OF SANDOVAL
THIRTEENTH JUDICIAL DISTRICT

JAMES O. DEMENTE,

        Plaintiff,

v.

VICTORIA DILUCENTE, ANTHONY DILUCENTE,        D-1329-CV-2016-00743
DERICA DUNN-GROSS and GEICO GENERAL
INSURANCE COMPANY,

        Defendants.

## <u>NOTICE OF FILING OF REMOVAL</u>

PLEASE TAKE NOTICE that GEICO General Insurance Company (hereinafter "GEICO"), improperly named as GEICO Insurance Company, by and through its attorneys Chapman and Charlebois, P.C. (Donna L. Chapman and Jessica C. Singer), has filed a Notice of Removal in the United States District Court for the District of New Mexico. A true and correct copy of the Notice of Removal, attached to this Notice as Exhibit "1" was sent via email to:

James P. Lyle, Esq.
Law Offices of James P. Lyle, P.C.
1116 Second Street, NW
Albuquerque, NM  87102
<u>pennname@prodigy.net</u>
*Attorney for Plaintiff*



EXHIBIT

*E*

Daniel W. Lewis
Allen, Shepherd, Lewis & Syra, P.A.
P.O. Box 94750
Albuquerque, NM 87199-4750
dlewis@allenlawnm.com
*Attorney for Derica Dunn-Gross*

Respectfully submitted,

**CHAPMAN AND CHARLEBOIS, P.C.**

Donna L. Chapman
Jessica C. Singer
P.O. Box 92438
Albuquerque, NM 87199
(505) 242-6000
donna@cclawnm.com
jessica@cclawn.mcom
*Attorneys for GEICO*

I HEREBY CERTIFY THAT on this _____ day of March, 2017, I filed the foregoing electronically through the Odyssey File and Serve system, which caused the following counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing, and that a copy was sent via e-mail to the following:

James P. Lyle, Esq.
Law Offices of James P. Lyle, P.C.
1116 Second Street, NW
Albuquerque, NM  87102
pennname@prodigy.net
*Attorney for Plaintiff*

Daniel W. Lewis
Allen, Shepherd, Lewis & Syra, P.A.
P.O. Box 94750
Albuquerque, NM 87199-4750
dlewis@allenlawnm.com
*Attorney for Derica Dunna-Gross*

Jessica C. Singer

2

JS 44   (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
JAMES O. DEMENTE

**DEFENDANTS**
GEICO GENERAL INSURANCE COMPANY

**(b)** County of Residence of First Listed Plaintiff   SANDOVAL
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   MONTGOMERY (MD)
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
James P. Lyle
1116 Second Street NW
Albuquerque, NM 87102   505-843-8000

Attorneys *(If Known)*
Donna L. Chapman and Jessica C. Singer
Chapman and Charlebois, P.C.
P.O. Box 92438, Albuquerque, NM 871999 505-242-6000

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
Plaintiff

☐ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 2   U.S. Government
Defendant

☒ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

EXHIBIT
F
tabbies®

**V. ORIGIN** *(Place an "X" in One Box Only)*

☐ 1 Original
Proceeding
☒ 2 Removed from
State Court
☐ 3 Remanded from
Appellate Court
☐ 4 Reinstated or
Reopened
☐ 5 Transferred from
Another District
*(specify)*
☐ 6 Multidistrict
Litigation

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
28 U.S.C. 1331, 1441 and 1446
Brief description of cause:
Bad faith insurance claim

**VII. REQUESTED IN
COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

**VIII. RELATED CASE(S)
IF ANY**
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE